# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**R. B.,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:05cv481-SPM/WCS**

**FORD MOTOR COMPANY,**
    a foreign corporation,

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Defendant has moved to strike Jannette Fennell as a witness at trial and has requested expedited consideration because Ms. Fennell is to be deposed on October 5, 2006.  Doc. 41-1 and n. 1.  Plaintiff has responded.  Doc. 45.

The motion is baseless.  Defendant cannot know what Ms. Fennell will say as a witness until she testifies at a deposition.

The only reason Defendant seeks expedited consideration is to block the deposition.  A motion to block this deposition would not be granted.  Until there is a record as to what Ms. Fennell might say, a motion to preclude her testimony at trial is without foundation.  Further, a straight forward motion to preclude a deposition would

fail. "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." <u>Salter v. Upjohn Co.</u>, 593 F.2d 649, 651 (5th Cir. 1979).

Paragraph 7 of the initial scheduling order, doc. 4, provides:

> The Court will ordinarily award counsel fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis.

Counsel for Defendant is also reminded of the provisions of 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This motion is without any basis. Defendant should pay Plaintiff's attorney's fees. Attorney's fees are estimated to be $500, that is, two hours at $250 per hour.

Accordingly, it is **RECOMMENDED** that Defendant's motion to strike Jannette Fennell as a witness at trial, doc. 41, be **DENIED** and Defendant be **ORDERED** to pay Plaintiff $500 as expenses.

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2006.

> s/ William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:05cv481-SPM/WCS