IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

R.B.,

       Plaintiff,

vs.                                   CASE NO.: 4:05cv481-SPM/WCS

FORD MOTOR COMPANY,

       Defendant.
_____/

## ORDER DENYING MOTION TO EXCLUDE EXPERT GILBERG

This cause comes before the Court on Defendant Ford Motor Company's Motion to Exclude Plaintiff's Expert Witness Andrew N. Gilberg (doc. 40). Mr. Gilberg is an engineer who will testify for Plaintiff on the following topics.

1. The victim could have easily escaped from the trunk (possibly before she was sexually assaulted) if the 1993 Tempo had been equipped with the type of device that is now required by FMVSS 571.401.

2. Ford introduced inside-trunk release mechanisms in all of its domestic passenger cars in the 2000 model year, about two years before FMVSS 571.401 required them.

3. Simple, retrofit kits for inside-trunk release mechanisms have been sold and to date still sell retail for as little as $15. In 1998, Ford's own estimate for the modifications necessary for existing latches ranged from $1 to $2. The Tempo was never recalled for this modification.

4.  Such escape mechanisms for automobile trunks are found in the patent literature dating back more than 30 years to 1975. Similar mechanisms, to prevent entrapment in other types of enclosures, date back more than 90 years. Automotive industry representatives from GM declared such devices "technically feasible" in 1979.

5.  Official motor vehicle accident statistics do not accurately reflect the number of trunk entrapments because they are not considered to be crashes. The extent of the problem has been vastly underestimated by industry interests based upon data collected by non-profit researchers.

Doc. 64 at 4.

This Court has a gatekeeping duty to allow expert testimony only if it is relevant and reliable. Kumho Tire Co., Ltd., v. Carmichael, 526 U.S. 137 (1999).

As its first ground for challenging Mr. Gilberg's testimony, Ford states that Mr. Gilberg is not qualified as an expert on trunk latch systems because Mr. Gilberg's experience comes from being an expert in other cases. This is not a sufficient basis for finding Mr. Gilberg unqualified.

The fact that Mr. Gilberg regularly testifies as an expert witness is a matter a jury can consider in assessing the possibility that he is biased. See Eleventh Circuit Pattern Jury Instruction 5.2. It is not a reason to disqualify Mr. Gilberg altogether. In re Air Crash Disaster at New Orleans, 795 F.2d 1230, 1233-34 (5th Cir. 1986) ("That a person spends substantially all of his time consulting with attorneys and testifying is not a disqualification.").

The Court makes a preliminary determination that Mr. Gilberg is qualified to testify as an expert about trunk latch systems based upon his education and

experience.  Mr. Gilberg has a Bachelor of Science in Engineering Science from Rensselaer Polytechnical Institute (1970) and a Master's of Science in Mechanical Engineering from the University of Michigan (1972).  Mr. Gilberg worked as a mechanical engineer at Ford from 1971 through 1978 in the Automotive Safety Research Department.  Since leaving Ford in 1978, Mr. Gilberg has been actively involved with laboratory testing, research, and design evaluation in the area of automotive door and lift gate latches.  He has been a member of the Society of Automotive Engineers since 1979.  Mr. Gilberg has published industry-accepted articles on door latch safety.  He has testified as a latch expert at trial approximately 75 times in state and federal courts.  Mr. Gilberg is qualified to testify as a trunk latch expert.

As its second ground for challenging Mr. Gilberg's testimony, Ford states that Mr. Gilberg does not have an adequate engineering or scientific basis to conclude that Plaintiff could have easily escaped from the trunk if it had an internal trunk release.[1]  Mr. Gilberg is familiar with the mechanics and operation of an internal trunk release, however.  His explanation will assist the jury.  His opinion that Plaintiff could have opened the trunk if it had an internal trunk release is rooted in his specialized knowledge of the trunk latch and the

---

[1] Ford also complained that Mr. Gilberg had no adequate basis for his opinion that the 1993 Ford Tempo was designed with an extra cable for an internal trunk release.  Doc. 40 at 16-18.  Plaintiff has withdrawn this opinion. Doc. 64 at 4, n.1.

CASE NO.: 4:05cv481-SPM/WCS

mechanics of an internal trunk release.

To the extent Mr. Gilberg opines further that Plaintiff would have escaped, Mr. Gilberg's expertise is not likely to assist the jury on this matter because the opinion is not based on his specialized knowledge of the latch or release.  The jury is just as capable as Mr. Gilberg to reach an opinion based on common sense and reasoning whether or not Plaintiff could have escaped from the trunk and her assailants.  See McDowell v. Brown, 392 f.3d 1283, 1299-1300 (11th Cir. 2004) (expert testimony not appropriate to present theory within average juror's knowledge); Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1111 (11th Cir. 2005) (expert testimony not helpful to trier of fact when it offers nothing beyond the understanding and experience of the average person).  Mr. Gilberg's opinion must be tailored to match his area of expertise, but the Court finds no basis to exclude all of his opinions.

As its third ground for challenging Mr. Gilberg's testimony, Ford argues that his testimony regarding the year that internal trunk releases were introduced, the cost and availability of retrofit kits, the history of latch release patents, and the statistical under-reporting of trunk entrapment are not opinion testimony, but are facts which do not require expert presentation.  Ford also argues that these facts are irrelevant to the issue of whether the 1993 Ford Tempo was defective.

Even if some of Mr. Gilberg's testimony is not in opinion form, his testimony is still admissible.  An expert may testify "in the form of an opinion or

otherwise." Fed. R. Evid. 702 (emphasis supplied). The advisory committee's notes to Federal Rule of Evidence 702 recognize that "an expert on the stand may give a dissertation or exposition of the scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts." Fed. R. Evid. 702, advisory committee's notes, 1972 proposed rules. "[O]pinions are not indispensable" and "the use of expert testimony in non-opinion form [is encouraged] when counsel believes the trier can itself draw the requisite inference." Id.

Mr. Gilberg's explanation and evaluation of the data is relevant and will be helpful to the jury. The testimony is relevant because under Florida law a "manufacturer must use reasonable care in design and manufacture of its product to eliminate unreasonable risk of foreseeable injury." Ford Motor Co. v. Evancho, 327 So. 2d 201, 204 (Fla. 1976). Mr. Gilberg's testimony will be helpful in that he follows a reliable and generally accepted engineering method to evaluate the trunk latch design.

In particular, Mr. Gilberg's testimony explains the hazards associated with the product by assessing the prevalence of trunk entrapment. Mr. Gilberg's testimony provides an evaluation of the product or components and the facts surrounding the incident. Finally, Mr. Gilberg's testimony explains alternative designs that were economically and technically feasible, and that could have allowed Plaintiff to avoid injury. The testimony follows reliable, accepted

CASE NO.: 4:05cv481-SPM/WCS

methodology.  It is relevant.  It will be helpful to the jury.  It is proper expert testimony.

As a final matter, the parties dispute whether Mr. Gilberg's supplemental expert report should be excluded as untimely.  Docs. 68 and 73.  Arguably, the supplemental report contains proper rebuttal opinion and additional information based on new evidence.  Exclusion of the supplemental report is not warranted.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant Ford Motor Company's Motion to Exclude Plaintiff's Expert Witness Andrew N. Gilberg (doc. 40) is denied.  However, Mr. Gilberg's opinion as to likelihood of Plaintiff's escape will be limited to Plaintiff's ability to open the trunk with an internal trunk release.

2. Plaintiff's Request for Clarification and Motion to Overrule Ford's Objection to Andrew N. Gilberg's Supplemental Report (doc. 68) is granted.  Ford's objection is overruled.

DONE AND ORDERED this 24th day of September, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge