IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

R.B.,

       Plaintiff,

vs.                                       CASE NO.: 4:05cv481-SPM/WCS

FORD MOTOR COMPANY,

       Defendant.
_____/

**ORDER DENYING MOTIONS IN LIMINE TO EXCLUDE
EVIDENCE OF RECALLS, PATENTS, AND OTHER TRUNK ENTRAPMENTS**

       This cause comes before the Court on Defendant Ford Motor Company's motions in limine (docs. 75, 76, and 77) to exclude evidence of recalls, patents, and other trunk entrapments. For the following reasons, the motions will be denied.

       Plaintiff is suing Ford for strict product liability and negligence. She claims that Ford's failure to equip her 1993 Tempo with an internal trunk release subjected her to an unreasonable risk of foreseeable injury when she was forced into the trunk of the 1993 Tempo and unable to escape.

       Under Florida law, a "manufacturer must use reasonable care in design and manufacture of its product to eliminate unreasonable risk of foreseeable

injury." Ford Motor Co. v. Evancho, 327 So. 2d 201, 204 (Fla. 1976). [T]here is no common law duty to prevent the misconduct of third persons." Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 918 (Fla. 1985). However, negligent actors "should not be permitted to reduce their liability by shifting it to another tortfeasor whose intentional criminal conduct was a foreseeable result of their negligence." Merrill Crossings Assocs. v. McDonald, 705 So. 2d 560, 562 (Fla. 1997). "If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby." Restatement (Second) of Torts § 449 (1965); see also Holley v. Mt. Zion Terrace Apartments, Inc., 382 So. 2d 98, 101 (Fla. 3d DCA 1980) (holding that the deliberate criminal actions of a rapist-murderer did not insulate the defendant from liability for the death of a tenant).

In proving her claims, Plaintiff intends to show that the dangers of trunk entrapment were actually known or foreseeable to Ford based on prior entrapment incidents. Plaintiff also intends to show that Ford had knowledge of ways to alleviate the danger because there were patent designs for internal trunk releases and a recall was feasible.

Ford argues that the prior entrapment incidents that Plaintiff intends to present are not relevant because they occurred after Plaintiff's 1993 Ford Tempo

was manufactured. However, one incident occurred before Plaintiff purchased the 1993 Ford Tempo. The other incident occurred before Plaintiff was trapped in her trunk. Both incidents support Plaintiff's position that Ford had time to correct the alleged defect or warn Plaintiff about it. Although neither incident is exactly similar to Plaintiff's entrapment, the incidents are probative of the danger of having a vehicle without an internal trunk release. The incidents may also be relevant to show Ford's knowledge of the danger of trunk entrapment.

Ford argues that no evidence of a recall should be allowed because the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101 et seq., does not provide a private cause of action for recall. Ford also argues that evidence of the recall is irrelevant, unduly prejudicial, and likely to mislead the jury. These arguments are unavailing as Plaintiff is not making a claim under the Safety Act. Nor does the Safety Act preclude her from pursuing a negligence claim under state law and from relying on a violation of the Safety Act as evidence of Ford's negligence. Ayers v. General Motors Corp., 234 F.3d 514, 522 n.19 (11th Cir. 2000). The recall, moreover, is relevant to show that Ford could have taken a similar measure to correct any defect the 1993 Ford Tempo may have had.

With regard to the patent evidence, the evidence is relevant to show whether Ford knew of should have known about trunk entrapment and whether internal trunk releases were technically feasible. The patents fall within the public records exception of the hearsay rule. Hay & Forage Indus. v. New Hollan N.

Am. Inc., 25 F.Supp.2d 1170, 1176 n.2 (D. Kan. 1998).  The patent evidence would be helpful to the jury in conjunction with the testimony of Plaintiff's engineering expert.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Ford Motor Company's motions in limine (docs. 75, 76, and 77) are denied.

DONE AND ORDERED this 24th day of September, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge